**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF TEXAS**

**LAREDO DIVISION**

| | | |
|---|---|---|
| **HUDSON SPECIALTY INSURANCE COMPANY** | * | **CIVIL ACTION NO.: 5:25-cv-194** |
| | * | |
| | * | **JUDGE** |
| **VERSUS** | * | |
| | * | **MAGISTRATE JUDGE** |
| **MH CARRIERS, INC. and ZAVALA OMAR** | * | |
| | * | |

*** * * * * * * * * * * * * * * * * * * * * * * * * * * * ***

**HUDSON SPECIALTY INSURANCE COMPANY'S**
**COMPLAINT FOR DECLARATORY JUDGMENT**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Hudson Specialty Insurance Company (hereinafter "Hudson" or "Plaintiff"), who brings this action for Declaratory Judgment against Defendants, MH Carriers, Inc. ("MH Carriers") and Zavala Omar, pursuant to 28 U.S. Code § 2201 and Rule 57 of the Federal Rules of Civil Procedure, seeking a declaratory judgment that Hudson owes no duty to defend or indemnify MH Carriers, Mr. Omar, or any other person or entity with respect to claims arising from a February 13, 2024 motor vehicle incident and related litigation filed in Louisiana state court, because the subject policy was cancelled effective December 1, 2022 and provided no coverage on the date of loss. In support, Hudson alleges as follows:

## INTRODUCTION

1. This action seeks a judicial declaration that Hudson has no duty to defend, indemnify, or otherwise afford coverage to MH Carriers or Zavala Omar in connection with (a) a February 13, 2024 motor vehicle collision in Baton Rouge, Louisiana involving Mr. Omar, who was allegedly acting in the course and scope of his employment with MH Carriers, and (b) the

lawsuit filed by Kentrell Himes and Yasmine Fernandez, on behalf of her minor child, Janyla Brue, arising out of that incident. The Hudson policy issued to MH Carriers was cancelled effective December 1, 2022, well before the February 13, 2024 incident.

## PARTIES AND POLICY

2. Plaintiff Hudson is a corporation organized under the laws of the State of New York with its principal place of business in the State of New York. Hudson is therefore a citizen of New York for diversity purposes.

3. Defendant MH Carriers is a corporation organized under the laws of the State of Texas with its principal place of business in Laredo, Texas. Defendant may be served with process by serving its registered agent, Miguel Eduardo Hernandez, at 1817 Juarez Ave., Laredo, Texas 78040.

4. Defendant, Zavala Omar, an individual of the full age of majority who is domiciled in and a citizen of New Mexico, may be served with process at 517 ½ Pueblo, Albuquerque, New Mexico 87107.

## JURISDICTION AND VENUE

5. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a). The amount in controversy exceeds $75,000, exclusive of interest and costs, as Hudson seeks to avoid defense and indemnity obligations for alleged bodily-injury claims that plausibly exceed the jurisdictional threshold, and the liability limits under the subject policy are $1,000,000.

6. The Court has personal jurisdiction over MH Carriers because it is a Texas corporation with its principal place of business in this District. The Court has personal jurisdiction over Mr. Omar in connection with this declaratory judgment action because his alleged conduct

occurred in Texas, concerns claims being asserted against a Texas insured and a Texas-delivered policy, and he is a putative insured under the same policy at issue in this coverage dispute.

7. Venue is proper in the Southern District of Texas, Laredo Division, under 28 U.S.C. § 1391(b)(1) and (2), because MH Carriers resides in this District and Division and a substantial part of the events or omissions giving rise to Hudson's claims—including issuance and delivery of the policy to MH Carriers in Laredo, Texas—occurred in this District.

## FACTS

8. Hudson issued to MH Carriers a policy of commercial automobile liability insurance, Policy No. MBC-10031905 (the "Policy"), with effective dates of February 16, 2022 through February 16, 2023. A copy of the Policy is attached hereto as Exhibit A, and all of its terms, conditions, declarations, definitions, limitations, endorsements, and exclusions are pled herein as if set forth *in extenso*.

9. The Policy was cancelled effective December 1, 2022. Hudson provided written notice of cancellation to MH Carriers on November 1, 2022, advising that the Policy would be canceled effective December 1, 2022. A copy of the Notice of Cancellation is attached hereto as Exhibit B and incorporated by reference. A copy of the Cancellation Endorsement is attached hereto as Exhibit C and incorporated herein by reference.

10. The Policy was not renewed, and Hudson did not issue any subsequent policy of commercial automobile insurance applicable to the February 13, 2024 incident.

11. On or about August 14, 2024, Kentrell Himes and Yasmine Fernandez, on behalf of her minor child, Janyla Brue, filed a Petition for Damages in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, Case No. 752262 (the "Underlying Lawsuit"), naming MH Carriers and Mr. Omar as defendants and alleging injuries arising from a vehicular

collision on February 13, 2024. A copy of the Underlying Lawsuit is attached hereto as Exhibit D and incorporated herein by reference. The lawsuit names Mr. Omar as the alleged negligent driver, as well as his employer, MH Carriers. The Lawsuit contends that Mr. Omar was acting in the course and scope of his employment as a truck driver for MH Carriers at the time of the incident.

12. MH Carriers tendered the claim to Hudson and sought a defense and indemnity under the Policy for the Underlying Lawsuit and the alleged February 13, 2024 incident. Hudson denied the tender because the Policy was canceled effective December 1, 2022, and provided no coverage on February 13, 2024.

13. Hudson has attempted to contact counsel for the plaintiffs in the 2024 Lawsuit to inform them that Hudson has no obligation to provide coverage for this loss, to no avail.

14. An actual, present, and substantial controversy exists between Hudson and Defendants concerning the parties' respective rights and obligations under the Policy with respect to the Underlying Lawsuit and the alleged February 13, 2024 incident.

**CAUSES OF ACTION – DECLARATORY RELIEF**

15. Hudson realleges and incorporates by reference Paragraphs 1-14 as though fully set forth herein.

16. Hudson contends, and is entitled to a judicial declaration, that:

a. The Policy was canceled effective December 1, 2022 and no coverage was in effect on February 13, 2024;

b. The collision giving rise to the Underlying Lawsuit occurred on February 13, 2024, outside the Policy period and after cancellation;

c. Because the incident occurred outside the policy period, no coverage exists under the Policy, and Hudson owes no duty to defend MH Carriers, Omar, or any other person or entity in connection with the Underlying Lawsuit;

d. Because no coverage exists, Hudson owes no duty to indemnify MH Carriers, Omar, or any other person or entity for any judgment, settlement, or liability arising out of or relating to the February 13, 2024 collision or the Underlying Lawsuit.

17. Pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, Hudson seeks a declaration of its rights and obligations as set forth above.

## PRAYER

**WHEREFORE**, Plaintiff, Hudson Specialty Insurance Company, prays that MH Carriers, Inc. and Zavala Omar be cited and served with a copy of this Complaint for Declaratory Judgment, and after due proceedings are had, that the Court enter judgment in Hudson's favor declaring that:

1. Policy No. MBC-10031905 was cancelled effective December 1, 2022, providing no coverage on February 13, 2024, and affords no defense or indemnity in connection with the Underlying Lawsuit;
2. Hudson has no duty to defend MH Carriers, Zavala Omar, or any other person or entity in connection with the Underlying Lawsuit;
3. Hudson has no duty to indemnify MH Carriers, Zavala Omar, or any other person or entity for any liability, judgment, settlement, or other obligation arising out of or relating to the February 13, 2024 incident or the Underlying Lawsuit; and
4. Award Hudson its costs and such other and further relief as the Court deems just and proper.

Respectfully submitted,

**ADAMS AND REESE LLP**

By: *<u>/s/ Collin M. Weyand</u>*
Collin M. Weyand
State Bar No. 24106763
SDTX Bar No. 3251459
collin.weyand@arlaw.com
LYONDELLBASELL TOWER
1221 McKinney Street, Suite 4400
Houston, Texas 77010
Telephone: (713) 652-5151
Facsimile: (713) 652-5152